UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARLOS D. H. C.,

Petitioner,

v.

WARDEN, *et al.*,

Respondents.

Case No. 1:26-cv-06985-KES-FJS (HC)

(A-Number: 243-033-838)

FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT
(ECF No. 1)

FOURTEEN (14) DAY DEADLINE

Plaintiff Carlos D. H. C.[1] ("Petitioner") is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I. BACKGROUND

On September 1, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking a determination that his detention is governed by 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2)(A). (ECF No. 1.) Petitioner requests an order for his immediate release from custody subject to appropriate conditions, or in the alternative, a prompt

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). (*Id.* at 7.)

On September 22, 2026, Respondents filed a response to the petition arguing that the court should dismiss the petition as moot. (ECF No. 5.) Respondents state that on September 3, 2026, an immigration judge granted Petitioner bond and Petitioner was subsequently released on bond. (ECF Nos 5-2, 5-3.) Respondents contend that because Petitioner has received a bond hearing and been released, the court should dismiss this case as moot. (*Id.*) Petitioner did not file a traverse or otherwise respond.

## II. DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *N.A.A.C.P., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). The court is "without power to decide questions that cannot affect the rights of the litigants before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240–41 (1937)).

The instant petition sought immediate release from indefinite detention, or a bond hearing. On September 3, 2026, an immigration judge granted Petitioner's release under a bond of $20,000.00. (ECF No. 5-2.) Petitioner was then released from immigration custody.[2] (ECF No. 5-3.)

The gravamen of the relief Petitioner seeks—namely, release—has been obtained. Accordingly, the court finds that Petitioner's complaints have been addressed and the petition

[2] The court's September 1, 2026, Immigration New Case Documents, mailed to Petitioner's address of record at the California City Ice Detention Facility, were returned on September 18, 2026, as "Undeliverable, RTS, Released." In addition, a search of the U.S. Immigrations and Customs Enforcement Online Detainee Locator System using Petitioner's A-Number and country of origin returns no results. *See* https://locator.ice.gov/odls/#/search (last visited September 24, 2026).

should be dismissed as moot. *See Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (citing *Riley v. INS*, 6310 F.3d 1253, 1256-57 (10th Cir. 2002), and *Sayyh v. Farquharson*, 382 F.3d 20, 22 n.1 (1st Cir. 2004)).

III. RECOMMENDATION

Based on the foregoing, the court HEREBY RECOMMENDS that the petition for writ of habeas corpus, (ECF No. 1), be dismissed as moot.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **September 25, 2026**

UNITED STATES MAGISTRATE JUDGE